UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JERMAINE A. DRAKE,

    Petitioner,

    v.                                        CAUSE NO.: 3:14-CV-1691-RLM

SUPERINTENDENT,

    Respondent.

## OPINION AND ORDER

Jermaine A. Drake, a prisoner without a lawyer, filed a motion to reopen this case and to vacate the order denying the habeas petition. Based on the timing of this motion, the court construes it as a request pursuant to Federal Rule of Civil Procedure 60, which authorizes the court to relieve a party from a final judgment based on: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; or . . . (6) any other reason that justifies relief."

Mr. Drake argues that the court should reopen this case because the Warden didn't file a response to his habeas petition and that he didn't have an opportunity to explain why the court should consider his procedurally defaulted claims. According to the electronic docket, on May 10, 2019, the Warden filed a response in compliance with the deadline set by the court, and defense counsel certified that he sent a copy to Mr. Drake by mail. ECF 19 at 17. The local rules

provide petitioners with twenty-eight days to file a traverse, so the deadline for the traverse was June 7, 2019. N.D. Ind. L. Cr. R. 47-2. While prisoners without lawyers often need more time to prepare briefs, Mr. Drake didn't ask for more time, and the court didn't rule until five months after the traverse deadline expired. ECF 25. In sum, Mr. Drake had ample opportunity to file a traverse and to assert an exception to procedural default, so the law wouldn't allow reopening the case on this basis.

Even if Mr. Drake had filed a traverse, it wouldn't have changed the outcome of this case. He states that, had he filed a traverse, he would have argued that his claims should be excused from procedural default under Martinez v. Ryan, 566 U.S. 1 (2012). In that case, the Supreme Court of the United States held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Id. at 9. The Martinez holding doesn't apply to "attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." Id. at 16. In the order denying the habeas petition, the court considered the merits of the claim that trial counsel was ineffective with respect to the cross-examination of Jordan Williams but found that the remaining claims were procedurally defaulted because Mr. Drake didn't present them to the Indiana Supreme Court. ECF 25 at 4. Because Mr. Drake defaulted his claims at the appellate level rather than during initial review proceedings at the Delaware Circuit Court, he can't

2

establish cause for procedural default. Martinez v. Ryan, 566 U.S. at 16 ("Coleman held that an attorney's negligence in a postconviction proceeding does not establish cause, and this remains true except as to initial-review collateral proceedings for claims of ineffective assistance of counsel at trial.").

Mr. Drake also filed motions for leave to proceed in forma pauperis on appeal and for a motion for a certificate of appealability. The court of appeals has already dismissed Mr. Drake's appeal for lack of subject matter jurisdiction (ECF 39), so these motions are denied as moot.

For these reasons, the court:

(1) DENIES the motion to reopen this case (ECF 29);

(2) DENIES as MOOT the motion for a certificate of appealability (ECF 32); and

(3) DENIES as MOOT the motion for leave to appeal in forma pauperis (ECF 37).

SO ORDERED on March 16, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT